**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
Tel: 602.257.7422
Craig A. McCarthy – 013128
Wendy N. Weigand - 019362
mccarthy@gustlaw.com
weigand@gustlaw.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br>v.<br><br>Tate's Auto Center of Winslow, Inc., an Arizona corporation;<br><br>Tates Automotive, Inc., an Arizona corporation;<br><br>Tate Ford-Lincoln-Mercury, Inc., dba Tate's Auto Center, a Delaware corporation;<br><br>Tate's Auto Center of Gallup, Inc., a New Mexico corporation;<br><br>Richard Berry, individually and as an officer of Tate's Auto Center of Winslow, Inc., Tate's Automotive, Inc., Tate Ford-Lincoln-Mercury, Inc. and Tate's Auto Center of Gallup, Inc. ;<br><br>Defendants, and<br><br>Linda Tate,<br><br>Relief Defendant. | No. 3:18-CV-08176-DJH<br><br>**DEFENDANTS' ANSWER** |

Pursuant to Rule 12, F.R.C.P., Defendants hereby respond to Plaintiff's Complaint. Due to the general and unspecified nature of many of the allegations contained in Plaintiff's Complaint, Defendants can respond only to the information

contained therein and when that information is overly general, Defendants cannot admit what is not plead specifically. To the extent that some of Plaintiff's Complaint merely quotes from statutory sources or portions thereof, Defendants simply defer to the language of the actual text in its completion and do not admit or deny such references as they do not constitute factual assertions.

Answering Plaintiff's Complaint subject to the foregoing, Defendants respond as follows:

1. Paragraph 1 contains no factual allegations that require or merit response but simply paraphrases the nature of this action and the relief sought by Plaintiff.

2. Paragraphs 2-5, 13, 47, 49, 62 and 66 are admitted.

3. Answering Paragraphs 6-9, Defendants admit that each dealership transacts retail automotive business within the Court's district and that each dealership markets and sells or leases vehicles to consumers. However, each dealership operates independent of each other and do not "act in concert" so the remaining allegations contained in those paragraphs, and all inferences to be drawn therefrom, are therefor denied.

4. Answering Paragraph 10, Defendants admit that Richard Berry has acted as secretary and/or treasurer for the four corporate defendants at various times and has performed management functions for the four corporations. Defendant Berry specifically denies that he has participated in the selling or administration of "service contracts" or "acting alone or in concert" with anyone to knowingly violate any of the statutes referenced in the Complaint. Accordingly, all remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

5. Defendants deny Paragraphs 11-12, 15, 18, 20-22, 24-27, 31, 36-38, 46, 52, 54-58, 60-61, 63, 65 and 69-73.

. . .

6. Answering Paragraph 14, Defendants admit that the four corporate defendants operate dealerships that are located geographically close to Native American tribal communities and serve that consumer demographic. Defendants do not operate a customer service center in or near Window Rock, Arizona. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

7. Answering Paragraphs 16 and 17, Defendants admit that they offer installment purchase contracts to customers who secure financing through independent lenders who work with Defendants to provide financing to their customers. Defendants admit that they act as agents for these lenders via Indirect Lending Agreements. However, each lender is responsible for examining the credit risks presented by each customer who applies for financing and each lender exercises its own discretion as to whether financing will be extended to any given customer and if so, on what terms. To facilitate lender evaluations of financing applications, Defendants will obtain from customers credit and income information required by the lenders and in turn, submit that information in the form of financing applications to various lenders which then decide whether to issue credit on a case by case basis according to their own underwriting criteria. Sometimes lenders request additional or corroborating information in support of these applications and sometimes they do not. Defendants do not write installment contracts or deliver vehicles to customers unless and until financing has been approved by a lender in advance and all such deals are structured in accordance with the terms provided by the lender. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

8. Answering Paragraph 19, Defendants admit that they assist customers who express interest in purchasing a vehicle on an installment basis by obtaining lender required personal and financial information and submitting that information to various lenders by way of a financing applications. Defendants also admit that they require

customers to sign the financing statements or applications to verify the accuracy of the information provided before they are submitted to the lenders for review. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

9. Answering Paragraph 23, Defendants have no way of providing a response to the allegation that in "some cases" consumer's reported income was inflated in the financing statements submitted to lenders as no identifying information is provided. Defendants deny that they knowingly tolerate or encourage such conduct by sales representatives. Indeed, Defendants' policies and procedures are designed to discourage and prevent such conduct. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

10. Answering Paragraphs 28-30 and 33-35 and 67, Defendants are without sufficient factual information upon which to base an admission and therefore deny same at this time.

11. Answering Paragraph 32, Defendants admit that in January 2016 a finance company that had financed numerous installment purchase contracts at Tate's dealerships terminated its business dealings with Defendants, citing substantial financial losses for contracts that had been defaulted. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

12. Answering Paragraph 39, to the extent that this paragraph specifically relates to the YouTube video depicted by screen shots inserted into pages 15 and 16 of the Complaint, Defendants admit that the terms of the offer did not include a purchase installment contract with monthly payments of $169.00. The ad was an experimental pilot prepared by a consulting firm in approximately 2009 and was never run again. Defendants were advised that the ad was never seen by their customers. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

. . .

13. Answering Paragraph 40, it contains argument and quotations in combination to mischaracterize the content and plain meaning of the YouTube ad, the content of which spoke for itself. Accordingly, Defendants deny the paragraph as framed.

14. Answering Paragraphs 41-43, Defendants are unable to respond to allegations about "numerous instances" which are not specified because no identifying information is provided. To the extent that it relates to the specific website example provided this is inventory information uploaded by Defendants using an electronic format provided by Ford Motor Company to its dealers, the content of the vehicle pricing information and the incorporated website links are supplied exclusively by Ford and the excerpt contained in these paragraphs speaks for itself. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

15. Answering Paragraph 44, to the extent that it relates to the specific "flyer" depicted on page 20 of the Complaint, the content of the excerpted flyer was prepared by an employee of Tate's without review or endorsement and does not reflect Defendants' policies or procedures relating to its advertising efforts. Defendants have since implemented policies to prevent the dissemination of such promotional material without review and approval. Moreover, the content of the excerpted flyer depicted in on page 20 of the Complaint speaks for itself. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

16. Answering Paragraph 45, to the extent that it relates to the specific social networking posts depicted on page 21 of the Complaint, the excerpts shown were either posted on employees' personal Facebook pages without review or endorsement or were posted by employees on a dealership Facebook page without review or endorsement. Moreover, the content of the excerpted posts speaks for itself. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

17. Answering Paragraph 48, Defendants cannot respond to the general allegation that "misrepresentations or deceptive omissions of material fact" constitute violations of Section 5(a) of the FTC Act based on the lack of any specific factual allegations provided. Accordingly, all allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

18. Answering Paragraph 50, Defendants admit that they facilitate the submission of consumer finance statements and/or credit applications to various lenders for purposes of having the lenders evaluate the credit risk of providing financing to consumers who wish to purchase a Tate's vehicle pursuant to an installment purchase contract. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

19. Answering Paragraphs 51 and 53, Defendants have no way of providing a response to the allegation that in "numerous instances" consumer's income or down payment information was altered or falsified before it was provided to lenders since no identifying information is provided. Defendants deny that they knowingly tolerate or encourage such conduct by sales representatives. Indeed, Defendants' policies and procedures are designed to discourage and prevent such conduct. All remaining allegations contained therein, or inferences to be drawn therefrom, are hereby denied.

20. Answering Paragraph 59, Defendants have no way of providing a response to the allegation that in "numerous instances" Defendants have placed advertisements with unspecified terms as no identifying information is provided. Accordingly, these allegations are denied.

21. Answering Paragraph 64, Defendants have no way of providing a response to the allegation that in "numerous instances" Defendants have placed advertisements with undisclosed terms as no identifying information is provided. Accordingly, these allegations are denied.

22. Answering Paragraph 68, Defendants have no way of providing a response to the allegation that in "numerous instances" Defendants have placed advertisements regarding lease offers with undisclosed terms as no identifying information is provided. Accordingly, these allegations are denied.

23. Paragraph 74 contains no factual allegations that require or merit response but simply paraphrases the statutory authority of this Court to grant relief in this action if the alleged violations are found to have occurred.

24. Unless expressly admitted herein, all remaining allegations contained in Plaintiff's Complaint, or inferences to be drawn therefrom, are hereby denied.

25. So as to preserve them as affirmative defenses, Defendants assert the defenses of lack of personal jurisdiction over Defendant Tate's Auto Center of Gallup, Inc. pursuant to Rule 12, Fed.R.Civ.P., and failure to join a party pursuant to Rules 12 and 19, Fed.R.Civ.P. as to the entire action.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Court deny each and every prayer for relief and find in favor of Defendants on the merits, that Defendants be awarded its costs of defending this action and all other relief deemed appropriate by this Court.

October 2, 2018.

GUST ROSENFELD, PLC

*/s/ Craig A. McCarthy*
Craig A. McCarthy
Wendy N. Weigand
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of October, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal to the following CM/ECF registrants:

Alden F. Abbott, Colin Hector, Nikhil Singhvi
aabbott@ftc.gov; chector@ftc.gov; nsinghvi@ftc.gov

*/s/ CL Scherff*