Nikhil Singhvi (DC Bar No. 496357)
Katherine Worthman (DC Bar No. 488800)
Naomi Takagi (DC Bar No. 1021334)
Email: nsinghvi@ftc.gov; kworthman@ftc.gov; ntakagi@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Drop CC-10232
Washington, DC 20580
Telephone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Attorneys for Plaintiff
Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Tate's Auto Center of Winslow, Inc., et. al.<br><br>Defendants, and<br><br>Linda Tate,<br><br>Relief Defendant | Case No. 3:18-cv-08176-DJH<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF BANKRUPTCY PETITION** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this response to the notice of bankruptcy petition by the Corporate Defendants. Contrary to Defendants' contention (ECF No. 53 at 2), this case is exempted from the bankruptcy stay, which in any event would not apply to the non-bankrupt individual defendants.

## I. THIS COURT HAS JURISDICTION TO DETERMINE THE APPLICABILITY OF THE BANKRUPTCY STAY

11 U.S.C. § 362 provides for a stay of litigation against a debtor in bankruptcy, subject to a number of exceptions. The exception at issue here is 11 U.S.C. § 362(b)(4), which exempts from the stay a government agency's action to enforce its police and regulatory power.

As a preliminary matter, a district court with jurisdiction in the underlying matter also has jurisdiction to determine whether the bankruptcy stay applies. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105-07 (9th Cir. 2005) ("We therefore hold, in accordance with established law, that a district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction.") (collecting cases); *FTC v. Bunzai Media Grp.*, No. CV 15-4527-GW(PLAX), 2017 WL 5035401, at *2 (C.D. Cal. Sept. 28, 2017).

All parties agree here that the Court has jurisdiction over this matter. (ECF No. 1 (Compl.) at ¶ 2; ECF No. 20 (Answer) ¶ 2.) Accordingly, this Court may adjudicate whether the "regulatory power" exception to the bankruptcy stay applies.

## II. THIS CASE IS EXEMPT FROM THE BANKRUPTCY STAY

It is well-settled in the Ninth Circuit that a consumer protection suit brought by a government agency is exempt from the bankruptcy stay pursuant to the "regulatory power" exception in 11 U.S.C. § 362(b)(4). *Lockyer*, 398 F.3d at 1107. The Ninth Circuit has applied this principle specifically in FTC consumer protection cases, holding them exempt from the bankruptcy stay. "[T]he automatic stay does not prevent the

commencement or continuation of an action by a governmental unit such as the FTC to enforce its police or regulatory power." *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 597 n.1 (9th Cir. 2016); *FTC v. Infinity Group Servs.*, No. SACV 09-977 DOC (MLGx), 2009 WL 10670551, at *2 (C.D. Cal. 2009); *accord FTC v. Unified Global Group, LLC*, No. 15-CV-422W(F), 2016 WL 489897, at *2 (W.D.N.Y. Feb. 9, 2016).

In determining whether to apply the "regulatory power" exception in a particular case, courts consider whether the government's suit serves a "pecuniary purpose" or "public purpose." *Lockyer*, 398 F.3d at 1107-09. Under the first test, the exception applies to a case seeking to protecting public safety and welfare, but not if brought to protect the government's pecuniary interest. *Id.* at 1108-09. Similarly, under the "public purpose" test, the exception applies if the case protects a broad segment of the public, but not if it is brought to advantage discrete and identifiable individuals or entities. *Id.* at 1109. The exception applies if either test is satisfied. *Id.* at 1108.

This case satisfies both the "pecuniary purpose" and "public purpose" criteria to meet the "regulatory power" exception. First, the case principally seeks to protect the public welfare by permanently enjoining Defendants' unlawful lending practices and false advertising. ECF No. 1 ¶ 1; *FTC v. Consumer Health Benefits Ass'n*, No. 10-cv-3551(ILG), 2011 WL 2341097, at *3-4 (E.D.N.Y. June 8, 2011) (holding that case was not brought "mainly to fix the amount of damages" where FTC sought a permanent injunction to prevent defendants from violating the FTC Act and related regulations). The monetary relief sought by the FTC to disgorge Defendants' unjust gains is ancillary to the equitable injunctive relief sought, rather than, for example, money assertedly "owed" to the government by Defendants. *In re First Alliance Mortg. Co.*, 264 B.R. 634, 649 (C.D. Cal. 2001) (collecting cases); *FTC v. AmeriDebt, Inc.*, 343 F. Supp.2d 451, 458 (D. Md. 2004) ("Regardless of whether private rights of consumers may be

adjudicated in some fashion, in this proceeding the FTC is operating on behalf of the public interest, not as a creditor seeking to assert its own pecuniary interest.").[1] Additionally, per the "public purpose" test, the case is brought to protect consumers generally from Defendants' unlawful behavior, not on behalf of any individual consumer or group of consumers. *See AmeriDebt*, 343 F. Supp.2d at 458-59.

## III. THE CORPORATE DEFENDANTS' BANKRUPTCY PETITIONS HAVE NO EFFECT ON THE FTC'S CASE AGAINST THE INDIVIDUAL DEFENDANTS

Even if the Court permitted a stay for the bankrupt corporate defendants, which it should not, the case should still continue against the individual defendants who have not filed for bankruptcy.

The bankruptcy stay provision, 11 U.S.C. § 362, does not require a stay as against non-bankrupt defendants, *see id.*, and courts have specifically declined impose stays of litigation as against non-debtors. *See, e.g.*, *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) ("[S]ection 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."); *Corbo v. Fidelity Fin. Servs. Corp.*, No. 2:10-cv-0316-GMN-LRL, 2011 WL 3300336, at *2 (D. Nev. Aug. 1, 2011) ("As a general rule, the automatic stay provision only applies to the party that filed bankruptcy and the remaining parties to the suit may still proceed with the litigation.") (citing *Chugach*); *accord Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)) ("It is well-established that stays pursuant to

---

1 The suit here would satisfy the "pecuniary purpose" test even if it sought restitution for deceived consumers, as numerous courts have permitted government agency actions to proceed under the "regulatory power" exception when those actions seek, in part, to recompense individuals affected by the debtor's unlawful actions. *First Alliance*, 264 B.R. at 651 (collecting cases); *AmeriDebt*, 343 F. Supp.2d at 458.

§ 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1992)) (holding that the automatic stay "should extend only to claims against [the bankrupt defendant], and that the stay is not available to nonbankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'").

Here, defendant Richard Berry and relief defendant Linda Tate have not reported filing their own bankruptcy petitions, and therefore have no basis to claim the protection of the automatic stay.

**CONCLUSION**

For the foregoing reasons, the Court should permit the litigation to continue through the entry of judgment, at which point it should stay execution on any monetary relief awarded against the bankrupt corporate defendants. *Commerce Planet, Inc.*, 815 F.3d at 597 n.1 (FTC action exempted from bankruptcy stay through judgment but agency may not execute upon judgment).

Dated: March 20, 2019

Respectfully submitted,
/s/ *Nikhil Singhvi*
Attorney for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Mail Drop CC10323
Washington, DC 20580
(202) 326-3480; nsinghvi@ftc.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF BANKRUPTCY PETITION** was filed electronically using the CM/ECF system that will automatically send e-mail notification of such filing to all attorneys of record.

Dated this 20th day of March, 2019.

Respectfully submitted,

/s/ *Nikhil Singhvi*
Attorney for Plaintiff
FEDERAL TRADE COMMISSION