Nikhil Singhvi (DC Bar No. 496357)
Katherine Worthman (DC Bar No. 488800)
Naomi Takagi (DC Bar No. 1021334)
Email: nsinghvi@ftc.gov; kworthman@ftc.gov; ntakagi@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Drop CC-10232
Washington, DC 20580
Telephone: (202) 326-3480 (Singhvi)
Facsimile: (202) 326-3768
Attorneys for Plaintiff
Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | |
| Plaintiff, | Case No. 3:18-cv-08176-DJH |
| v. | **SUMMARY OF DISCOVERY DISPUTE SUBMITTED PER OCTOBER 15, 2018 RULE 16 SCHEDULING ORDER ¶6** |
| Tate's Auto Center of Winslow, Inc., et. al. | |
| Defendants, and | |
| Linda Tate, | |
| Relief Defendant | |

**PLAINTIFF'S SUMMARY OF DISCOVERY DISPUTE**

On February 14, 2019, the Court heard argument on two discovery disputes arising from Defendants' February 4, 2019 discovery responses: the FTC's request for production of consumer "deal jackets" and Defendants' failure to preserve advertising materials after receiving notice of potential litigation in January 2018. On the latter issue, the Court directed Defendants to forensically search their own computers for advertisements, and also retrieve them from its marketing vendor. (2/14/19 Tr. at 16-17.)

In subsequent conferences with the FTC over the past month, Defendants have steadfastly refused to state whether they have undertaken any searches of their own computers. Defendants at most claim that they are working with their vendor to retrieve advertisements, but have not produced any results from that effort. (Nor would the production of advertisements from the vendor fully satisfy the Court's two-part instruction.) Worse still, Defendants have implied that they are not currently preserving any advertisements, despite the fact that the FTC specifically requested that they do so during the parties' February 7, 2019 meet and confer conference.

For its part, the FTC has conducted its own searches of newspapers and other media outlets, with only miminal success. One problem on that front has been that Defendants not only refuse to produce any advertisements, they similarly refuse to identify, in response to an interrogatory, any media outlet with whom they (or their vendor) has placed advertisements.

The FTC requests that the Court again hear argument on this issue and if necessary accept further briefing. Ultimately, the FTC requests that Defendants, by a date certain, offer a sworn statement (1) describing their internal and external efforts to retrieve advertisements from January 2013 through July 31, 2018, (2) identifying all media outlets (*e.g.*, newspaper, television, radio, and internet) where they have placed advertisements from January 2013 through July 31, 2018, and (3) confirming that, going forward, all of their advertisements are being preserved.

## STATEMENT REGARDING DEFENDANTS' SUMMARY

Defendants have not submitted a summary of their position.  Plaintiff's repeated efforts to confer with Defendants – and when those efforts failed to obtain Defendants' summary of dispute – are set forth in Attachment A.[1]

The issues presented in this dispute are time-sensitive because, if the Court requires Defendants to more promptly act on the lost advertisements, Plaintiff will likely need to pursue third-party discovery in the limited fact discovery period remaining.

As shown in Attachment A, Plaintiff after several days of silence from Defendants informed Defendants on Thursday of its intention to file a summary of dispute without Defendants' statement later that day.  Defendants' counsel then stated that he would supply Defendants' statement by the end of the day on Thursday.  But Defendants did not share any statement with Plaintiff on Thursday, or on Friday.  As of this filing, they still have not done so.

Plaintiff respectfully submits that it has exhausted all reasonable efforts to encourage Defendants to address this discovery dispute, which has already been the subject of a previous joint statement and Court argument.

---

[1] The portions of the parties' correspondence directly relevant to this dispute are highlighted in Attachment A.  Progress on the other areas in dispute has stalled, but Plaintiff will keep pursuing those discussions with Defendants.

**CERTIFICATION**

Undersigned counsel certifies that the parties have attempted to resolve the dispute described above through personal consultation and sincere effort as required by LRCiv 7.2(j) – via telephone calls and exchange of written correspondence – and have reached an impasse.

Dated: April 1, 2019

Respectfully submitted,

s/ *Nikhil Singhvi*
Attorney for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Mail Drop CC10323
Washington, DC 20580
(202) 326-3480; nsinghvi@ftc.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing **SUMMARY OF DISCOVERY DISPUTE** was filed electronically using the CM/ECF system that will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted,

DATED this 1st day of April, 2019.

/s/ *Nikhil Singhvi*
Nikhil Singhvi
Attorney for Plaintiff
FEDERAL TRADE COMMISSION