# PX 1



Keegan, Linscott & Kenon, PC

Certified Public Accountants | Certified Fraud Examiners | Certified Insolvency and Restructuring Advisors

November 25, 2019

Mr. Craig A. McCarthy
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ 85004- 2553

Dear Mr. McCarthy:

Keegan, Linscott & Kenon, P.C. ("KLK") has been engaged to provide financial analysis in the matter of the Federal Trade Commission ("FTC") v. Tate's Auto Center of Winslow, Inc., Tate's Automotive, Inc., Tate Ford Lincoln Mercury, Inc., Tate's Auto Center of Gallup, Inc. (collectively "Tates"), Richard Berry ("Berry") and Relief Defendant Linda Tate. We have been engaged to analyze payments made by Tates to Berry and Linda Tate for the period from 2013 through March 9, 2019 when Tates filed Chapter 11.

Executive Summary

Based on our analysis, it is our opinion that:

1. There is no evidence to support that funds received by Linda Tate or Berry can be traced to any alleged ill-gotten monies.

2. Linda Tate (individually and through her Trust) lent $2,837,601 to Tates from 2015 to 2018, which is significantly in excess of the funds she received from Tates.

3. Berry lent $856,181 to Tates in 2018, and he was not repaid on these loans. This amount is in excess of the total draws received by Berry during the 2013 through March 2019 period analyzed.

4. Tates had positive equity per their combined financial statements through at least December 31, 2016.

Background

The FTC filed a Complaint for Preliminary and Permanent Injunction and other Equitable Relief against Tates, Berry and Linda Tate on July 31, 2018. The FTC seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for acts or practices in violation of



Mr. Craig A. McCarthy
Gust Rosenfeld P.L.C.
November 25, 2019
Page 2

Section 5(a) of the FTC Act, TILA and its implementing Regulation Z, and CLA and its implementing Regulation M. The FTC further alleges that Relief Defendant Linda Tate is an individual who has received hundreds of thousands of dollars from Tates and she has received funds that can be traced directly to Tates unlawful acts or practices and she has no legitimate claim to those funds.

Analysis

We analyzed the transaction activity for Tates as maintained in their CDK accounting system for the period 2013 through March 9, 2019. Based on that information, we compiled a list of payments made to Berry and Linda Tate. We summarized the amounts paid by payment type and by year (see Exhibit 1).

The monies paid to Berry fall into a few categories as follows:

1. Loan repayments – There was one loan repayment to Berry in 2014 for $250,000. In 2018 Berry loaned an additional $856,181 to Tates and there were no repayments on these loans. There was no apparent benefit to Berry from the loan repayment in 2014 since it appears to be a repayment of money provided by Berry to Tates.
2. Lease repayments – Berry received a total of $39,448 in payments for reimbursement of monies Berry had paid on Tates' leases. This does not appear to be a benefit to Berry but merely a reimbursement of money paid on behalf of Tates.
3. Draws – From 2013 through 2016 Berry received draws of $624,968 during the time Tates had positive equity. From 2017 through March 2019 Berry received only $2,858 in draws.
4. Insurance – Berry was reimbursed $98,531 between 2013 and March 2019 for insurance payments made on life and other insurance. On at least some of these policies, Tates was a beneficiary of the policies and therefore the monies paid would be Tates expenses and not for the benefit of Berry.
5. Expense reimbursements – Berry received payments totaling $209,235 for the period 2013 through March 2019 for reimbursement of Tates' expenses. There was no apparent benefit to Berry from these payments since they were reimbursements.

The monies paid to Linda Tate fall into a few categories as follows:

1. Loan repayments – Linda Tate and the Forrest and Linda Tate Revocable Trust lent money to Tates on an as needed basis throughout the time period analyzed. We were provided with copies of promissory notes for 2015 and 2018 as noted on Exhibit 2. However, we were not provided with promissory notes prior to December 2015. During the period 2013 through 2015, Linda Tate and/or the Trust was repaid on loans made to Tates in an amount of $1,103,268. During the period 2016 through March 2019, Linda Tate was repaid on loans made to Tates in the amount of $533,170. However,

**KLK.000002**

Mr. Craig A. McCarthy
Gust Rosenfeld P.L.C.
November 25, 2019
Page 3

>    from 2015 through November 2018, Linda Tate and her Trust lent Tates $2,837,601. The funds lent by Linda Tate and her Trust greatly exceed the amounts she was repaid.
> 2. Lease repayments – Linda Tate took out a number of lease for Tates in her name instead of the corporate name. Linda Tate was reimbursed by Tates for payments Linda Tate made on the leases in an amount of $149,349. There was no benefit to Linda Tate for reimbursement of lease payments.
> 3. Director Fees – Linda Tate was paid $150,000 from 2013 through March 2019 for serving in her role of Director for Tates. The payment of Director fees is a normal practice in for profit companies and Linda Tate performed work as a Director during this time period.
> 4. Expense Reimbursements – Linda Tate received payments totaling $52,096 from the period 2013 through March 2019 for reimbursement of Tates' expenses. There was no apparent benefit to Linda Tate from these payments since they were reimbursements.
> 5. Draws - From 2013 through 2016 Linda Tate received draws of $1,308,150 during the time Tates had positive equity. From 2017 through March 2019 Linda Tate received $562,414 in draws.

We also performed an analysis of loans made by Berry and Linda Tate and related parties to Tates from 2015 to 2018 (see Exhibit 2). From 2015 to 2018, Linda Tate and the Forrest and Linda Tate Revocable Trust lent $2,837,601 to Tates. In 2018, Rick Berry lent $856,181 to Tates. In addition, RNM Services, Inc. and Tate's Management Group (both related parties to Berry and Linda Tate) lent money to Tates of $173,984 and $438,939, respectively in 2018.

There is also an allegation by the FTC that alleged ill-gotten monies may be able to be traced to Linda Tate and Berry and therefore should be disgorged. Based on the evidence that has been provided by the FTC, there has been no adjudication of any specific customers where Tates allegedly received ill-gotten monies. As a result, there is no evidence that any specific ill-gotten funds can be traced to monies received by Berry or Linda Tate or whether those funds went to buy inventory or pay operating expenses of the businesses.

Furthermore, as noted above, Berry and Linda Tate lent significant funds to Tates and there is a realistic possibility that the funds paid to Berry and Linda Tate were from loan proceeds not alleged ill-gotten monies. In addition, Tates utilized a centralized payment system for all of the car dealerships which would make tracing of specific proceeds extremely difficult. The CDK accounting system also used by Tates is cumbersome from an accounting perspective and would make tracing of specific proceeds very difficult.

We further analyzed the financial statement of the combined Tates' entities for the years 2013 – 2018. Per those financial statements, Tates had positive equity through at least December 31, 2016. Any monies paid to Linda Tate or Berry that were classified as draws would not be problematic through at least 2016 as these were retained profits of Tates and there would be no potential detriment to creditors as a result of those disbursements.

**KLK.000003**

Mr. Craig A. McCarthy
Gust Rosenfeld P.L.C.
November 25, 2019
Page 4

Conclusion

Based on our analysis, it is our opinion that:

1. There is no evidence to support that funds received by Linda Tate or Berry can be traced to any alleged ill-gotten monies.

2. Linda Tate (individually and through her Trust) lent $2,837,601 to Tates from 2015 to 2018, which is significantly in excess of the funds she received from Tates.

3. Berry lent $856,181 to Tates in 2018, and he was not repaid on these loans. This amount is in excess of the total draws received by Berry during the 2013 through March 2019 period analyzed.

4. Tates had positive equity per their combined financial statements through at least December 31, 2016.

Documents provided to us in this matter are summarized in Exhibit 3. We have enclosed Christopher Linscott's curriculum vitae as Exhibit 4 and his Summary of Expert Witness Testimony covering 2015 to 2019 as Exhibit 5. Rates for work performed in this matter range from $95 to $335 per hour based on the level of employee performing the services.

We reserve the right to supplement our report should new information be provided in this case. Any questions regarding this report may be directed to Christopher Linscott, who will serve as the expert in this matter.

Sincerely,

*Keegan, Linscott & Kenon, P.C.*

Keegan, Linscott & Kenon, P.C.

Attachments: Exhibits 1 through 5

KLK.000004

# EXHIBIT 1

KLK.000005

FTC v. Tate's Auto Center of Winslow, Inc., et. al.
Schedules of Related Party Payments

| | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 Jan 01 - Mar 08 | Mar 9 2018 to Mar 8 2019 |
|---|---|---|---|---|---|---|---|
| **Richard Berry** | | | | | | | |
| Draws | $ 380,991 | $ 54,931 | $ 166,824 | $ 22,222 | $ 2,858 | $ - | $ - |
| Loan Repayment | - | 250,000 | - | - | - | - | - |
| Lease Repayment | - | - | - | 11,289 | 22,527 | 5,632 | - |
| Insurance | - | 37,239 | 44,881 | 732 | 15,679 | - | - |
| Expense Reimbursement | - | 34,900 | 99,103 | 10,353 | 64,879 | - | - |
| Richard Berry Total | $ 380,991 | $ 377,070 | $ 310,808 | $ 44,596 | $ 105,943 | $ 5,632 | $ - |
| **Linda Tate** | | | | | | | |
| Draws | $ 101,400 | $ 555,856 | $ 322,093 | $ 328,801 | $ 260,379 | $ 77,710 | $ 224,325 |
| Loan Repayment | 158,420 | 542,146 | 402,702 | 112,810 | 147,160 | 51,049 | 222,151 |
| Lease Repayment | 25,999 | 25,999 | 17,189 | 25,999 | 23,832 | 6,500 | 23,831 |
| Director Fees | - | - | - | - | 50,000 | 15,000 | 85,000 |
| Expense Reimbursement | - | - | 41,522 | 5,100 | 2,094 | - | 3,380 |
| Linda Tate Total | 285,819 | 1,124,001 | 783,506 | 472,710 | 483,465 | 150,259 | 558,687 |

KLK.000006

# EXHIBIT 2

KLK.000007

FTC v. Tate's Auto Center of Winslow, Inc. et al.
Schedule of Loans Made by Related Parties

| Lender | Borrower | Amount | Date |
|---|---|---|---|
| Forrest and Linda Tate Revocable Trust | Tate Ford Lincoln Mercury Inc. | $607,401.00 | 12/1/2015 |
| Forrest and Linda Tate Revocable Trust | Tate's Automotive Inc. | $220,000.00 | 12/1/2015 |
| Forrest and Linda Tate Revocable Trust | Tate Ford Lincoln Mercury Inc. | $200,000.00 | 9/1/2018 |
| Forrest and Linda Tate Revocable Trust | Tate Ford Lincoln Mercury Inc. | $335,200.00 | 9/1/2018 |
| Forrest and Linda Tate Revocable Trust | Tate's Automotive Inc. | $895,000.00 | 9/1/2018 |
| | | $2,257,601.00 | |
| Linda Tate | Tate's Automotive Inc. | $300,000.00 | 9/1/2018 |
| Linda Tate | Tate's Automotive Inc. | $280,000.00 | 11/1/2018 |
| | | $580,000.00 | |
| Richard Berry | Tate's Auto Center of Gallup, Inc. | $156,181.00 | 9/1/2018 |
| Richard Berry | Tate's Automotive Inc. | $300,000.00 | 9/1/2018 |
| Richard Berry | Tate's Automotive Inc. | $400,000.00 | 9/1/2018 |
| | | $856,181.00 | |
| RNM Services, Inc. | Tate's Automotive Inc. | $173,984.00 | 9/1/2018 |
| | | $173,984.00 | |
| Tate's Management Group | Tate's Automotive Inc. | $438,939.00 | 9/1/2018 |
| | | $438,939.00 | |

KLK.000008

# EXHIBIT 3

KLK.000009

Exhibit 3

**List of Documents Used**

1. Data extracted from CDK Software by US Automotive Dealership Consulting as follows:
    - 2013 data extraction for all transactions for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
    - 2014 data extraction for all transactions for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
    - 2015 data extraction for all transactions for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
    - 2016 data extraction for all transactions for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
    - 2017 data extraction for all transactions for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
    - 2018 data extraction for all transactions for the periods of January 1, 2018 to March 8,2018 for the following companies:
        - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
        - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
        - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
        - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
2. Chart of Accounts Extracted from CDK for the following companies:
    - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
    - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
    - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
    - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS

**KLK.000010**

Exhibit 3

3. Statement of Financial Affairs for the following companies:
   - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS
   - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC
   - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW
   - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
4. Real Property Questionnaire for the following companies:
   - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS
   - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC
   - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW
   - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
5. Debtor Compliance Documents for the following companies:
   - Company 1, Tate's Automotive, Inc., Case # 2:19-bk-02523-PS;
   - Company 2, Tate Ford- Lincoln-Mercury, Inc., Case #2:19-bk-02527-DPC;
   - Company 3, Tate's Auto Center of Gallup, Inc., 2:19-bk-02493-BMW;
   - Company 4, Tate's Auto Center of Winslow, Inc., 2:19-bk-02524-PS
6. General Motors Dealer Operating Reports 2013 – 2018
7. Complaint for Preliminary and Permanent Inunction and Other Equitable Relief
8. Promissory Note between Tate Ford Lincoln Mercury, Inc. and Forrest and Linda Tate Revocable Trust dated September 1, 2018 for $200,000.00
9. Promissory Note between Tate Ford Lincoln Mercury, Inc. and Forrest and Linda Tate Revocable Trust dated September 1, 2018 for $335,200.00
10. Promissory Note between Tate Ford Lincoln Mercury, Inc. and Forrest and Linda Tate Revocable Trust dated December 1, 2015 for $607,401.00
11. Promissory Note between Tate's Auto Center of Gallup, Inc. and Richard Berry dated September 1, 2018 for $156,181.00
12. Promissory Note between Tate's Automotive Inc. and Forrest and Linda Tate Revocable Trust dated December 1, 2015 for $220,000.00
13. Promissory Note between Tate's Automotive Inc. and Linda Tate dated November 1, 2018 for $280,000.00
14. Promissory Note between Tate's Automotive Inc. and Linda Tate dated September 1, 2018 for $300,000.00
15. Promissory Note between Tate's Automotive Inc. and Richard Berry dated September 1, 2018 for $300,000.00
16. Promissory Note between Tate's Automotive Inc. and Richard Berry dated September 1, 2018 for $400,000
17. Promissory Note between Tate's Automotive Inc. and RNM Services dated September 1, 2018 for $173,984.00
18. Promissory Note between Tate's Automotive Inc. and Tate's Management Group, Inc. dated September 1, 2018 for $438,939.00
19. Promissory Note between Tate's Automotive Inc. and Forrest and Linda Tate Revocable Trust dated September 1, 2018 for $895,000.00

# EXHIBIT 4

KLK.000012

**CHRISTOPHER G. LINSCOTT**
3443 N. CAMPBELL AVENUE, SUITE 115
TUCSON, ARIZONA 85719
(520) 884-0176

**EDUCATION:**

B.A. Psychology, Amherst College, 1980
M.S. Accounting, New York University GBA, 1982
Certified Public Accountant (CPA) 1984
Certified Fraud Examiner (CFE) 1992
Certified Insolvency and Restructuring Advisor (CIRA) 1997

**BACKGROUND:**

1994 - Present
**DIRECTOR**
Keegan, Linscott & Kenon, P.C.

Owner of CPA firm. Head of bankruptcy and reorganization, litigation support, and forensic accounting practice for the firm. Includes Tucson and Scottsdale offices practice leader.

1990-1993
**DIRECTOR, LITIGATION SUPPORT SERVICES**
Coopers & Lybrand – Tucson, AZ

Responsible for work associated with financial aspects of clients and support for attorneys involved in litigation, fraud, receivership cases and bankruptcy work primarily in Arizona. Duties included damage calculation review and preparation, forensic accounting and financial analysis. Other duties included manager responsibilities for financial audits.

1989-1990
**CHIEF FINANCIAL OFFICER**
Tombstone & Southern Railroad, Inc.

Served for two years as CFO of start-up real estate and entertainment project in Cochise County. As one of three principals in this project, duties encompassed finance; budgeting, taxes, financial reporting, prospective reporting, capital solicitation, cash management and development of a business plan. Non-financial responsibilities included marketing, public speaking and recruitment of personnel.

1981-1989
**SENIOR AUDIT MANAGER**
Peat Marwick Main & Co. – New York, NY
Peat Marwick Main & Co. – Boston, MA

Responsibilities included the supervision of fifty staff people on sixty audits for twelve clients. Duties included public and private reporting to the SEC and other third parties; day-to-day management of field work, oral and written presentations to top client management and Board of Directors, technical problem-solving and profit maximization. Areas of industry expertise include real estate, financial institutions, higher education, and manufacturing.

KLK.000013

**RANGE OF EXPERIENCE:**

Served as Trustee for various Chapter 11 and Chapter 7 entities primarily in the real estate, hospitality and health care sectors.

Served as Chief Restructuring Officer for corporate commercial entity in Chapter 11.

Served as Examiner in Chapter 11 proceedings focusing on real estate entities and alleged fraud.

Served as "Responsible Party" (Trustee) for Chapter 11 debtor in successful corporate reorganization.

Served as Receiver for corporate commercial entities and financial institutions in Arizona and California.

Served as Liquidating Trustee for corporate commercial entities.

Served as Plan Agent in Chapter 11 proceeding.

Served as Court appointed Special Master in commercial litigation case.

Prepared operating cash forecasts for real estate projects, commercial entities, municipal and non-profit businesses.

Developed financial packages used to obtain project financing for real estate projects and commercial entities.

Assisted in due diligence reviews of corporate commercial acquisitions and joint ventures.

Assisted in the preparation of SEC filings for bankrupt real estate entities.

Served as accountant for various creditor committees in Chapter 11 proceedings to analyze fraudulent conveyance and preference issues and financial viability of ongoing entities.

Reviewed bankruptcy documents of various commercial entities to determine asset liquidation preference and financial viability of ongoing entity.

Served as financial advisor for various Chapter 11 entities, assisting with various aspects of corporate reorganization.

Provided expert witness testimony, including damage analysis and accounting-related issues in commercial litigation cases dealing with lost profits, owner disputes, securities fraud, employee/employer disputes, personal injury, business interruption claims and various other matters.

Performed various fraud analyses and forensic procedures related to litigation in Ponzi schemes and employee embezzlement schemes.

Constructed damage theories including computer-generated models for commercial businesses involved in litigation.

Analysis of sole and separate property issues, hidden assets and closely held corporations in divorce settlement litigation.

KLK.000014

**PROFESSIONAL
ORGANIZATIONS:**   Member of the Arizona Society of CPA's, American Institute of Certified Public Accountants, National Association of Certified Fraud Examiners, Association of Insolvency and Restructuring Advisors. Board of Directors of Bashas, Inc.

**KLK.000015**

# EXHIBIT 5

KLK.000016

CHRISTOPHER G. LINSCOTT, CPA, CFE, CIRA
SUMMARY OF EXPERT WITNESS TESTIMONY
2015 - 2019

| YEAR | PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | ISSUE | TESTIMONY RENDERED | TRIER OF FACT | CLIENT ATTORNEY / CLIENT ATTORNEY FIRM | OPPOSING COUNSEL / OPPOSING FIRM |
|---|---|---|---|---|---|---|---|
| 2019 | ANDREW B. SERWIN, TRUSTEE | KATHARINE WOODS ET AL. | BREACH OF FIDUCIARY DUTY | DEPOSITION | N/A | JASON M. SANTANA<br>LAW OFFICE OF JASON SANTANA | MARY M. BEST<br>KEENEY WAITE & STEVENS |
| 2019 | BRANDON MATHESON* | JENNIFER KOESTER | BREACH OF CONTRACT ETC... | DEPOSITION | N/A | MICHAEL MCGRATH<br>MESCH, CLARK & ROTHSCHILD, P.C. | BILL POORTEN<br>SNELL & WILMER |
| 2019 | HIGASHI | KAGELE ET AL.* | BREACH OF CONTRACT ETC... | ARBITRATION | ARBITRATOR | DENNIS ROSEN | DECONCINI MCDONALD |
| 2019 | RAYGARR, LLC* | EMC INSURANCE COMPANIES | BREACH OF CONTRACT, ETC... | DEPOSITION | N/A | MEL COHEN<br>MESCH, CLARK & ROTHSCHILD, P.C. | ALICYN FREEMAN<br>BROENING OBERG WOODS & WILSON |
| 2019 | FORD MOTOR CREDIT, NISSAN MOTORS ACCEPTANCE CORP. | TATES AUTOMOTIVE INC. ET AL.* | CASH COLLATERAL, ADEQUATE PROTECTION | TRIAL | JUDGE | ANTHONY AUSTIN<br><br>FENNEMORE CRAIG | STEVE JEROME, SNELL & WILMER<br>DON CRAM, SEVERSON & WERSON PC |
| 2019 | FORD MOTOR CREDIT, NISSAN MOTORS ACCEPTANCE CORP. | TATES AUTOMOTIVE INC. ET AL.* | CASH COLLATERAL, ADEQUATE PROTECTION | DEPOSITION | N/A | ANTHONY AUSTIN<br><br>FENNEMORE CRAIG | STEVE JEROME, SNELL & WILMER<br>DON CRAM, SEVERSON & WERSON PC |
| 2018 | UNITED STATES OF AMERICA* | SETH NICHOLS | RESTITUTION | TRIAL | JUDGE | MIKE JETTE | MIKE HARWIN |
| 2018 | CLAY AND KAREN PARSONS* | HUGH AND JANE NICHOLS | FRAUD | TRIAL | JUDGE | FRED PETERSEN<br>MESCH, CLARK & ROTHSCHILD, P.C. | GERMAN YUSUFOV<br>YUSUFOV LAW FIRM PLLC |
| 2018 | REILLY* | SIERRA CAMPANA, LLC ET AL. | BREACH OF CONTRACT, ETC... | TRIAL | N/A | MEL COHEN<br>MESCH, CLARK & ROTHSCHILD, P.C. | TERRY JACKSON |
| 2018 | TARGET CORPORATION* | SPRINT SPECTRUM, LP | BREACH OF CONTRACT | DEPOSITION | N/A | PAUL LOUCKS<br>MESCH, CLARK & ROTHSCHILD, P.C. | JENNIFER AXEL<br>POLSINELLI, PC |
| 2018 | SERRANO* | FARM CREDIT SERVICES SOUTHWEST | BREACH OF FIDUCIARY DUTY, ETC... | DEPOSITION | N/A | TONY FREEMAN<br>FREEMAN LAW | ROBERT MCKIRGAN<br>LEWIS ROCA |
| 2018 | STUART BRODSKY* | ESTATE OF HELEN BRODSKY ET AL. | BREACH OF FIDUCIARY DUTY | TRIAL | JUDGE | GEORGE KRAUJA, FENNEMORE CRAIG | ARLENE LEONI |
| 2017 | RAYTHEON | RAYGARR, LLC* | BREACH OF CONTRACT | TRIAL | JURY | MEL COHEN<br>MESCH, CLARK & ROTHSCHILD | JOHN RICHARDSON<br>DECONCINI MCDONALD ET AL. |
| 2017 | ANTONIA FLORES* | ANA PAREDES | BREACH OF FIDUCIARY DUTY | TRIAL | JUDGE | DAVID JUAREZ | GREGORY DROEGER |
| 2017 | SONORAN DESERT LAND INVESTORS, LLC* | CPF VASEO ASSOCIATES | CHAPTER 11 INTEREST RATE | TRIAL | JUDGE | MICHAEL MCGRATH<br>MESCH, CLARK & ROTHSCHILD, P.C. | TODD BURGESS<br>GALLAGHER & KENNEDY |
| 2017 | SONORAN DESERT LAND INVESTORS, LLC* | CPF VASEO ASSOCIATES | CHAPTER 11 INTEREST RATE | DEPOSITION | N/A | MICHAEL MCGRATH<br>MESCH, CLARK & ROTHSCHILD, P.C. | TODD BURGESS<br>GALLAGHER & KENNEDY |
| 2017 | MARC WICHANSKY | DAVID & KARINA ZOWINE* | CHAPTER 11 FEASIBILITY AND INTEREST RATE | DEPOSITION | N/A | TOM SALERNO<br>STINSON LEONARD STREET | MICHAEL SMIKUN<br>CALLAGY LAW |
| 2017 | RAYTHEON | RAYGARR, LLC* | BREACH OF CONTRACT | DEPOSITION | N/A | MEL COHEN<br>MESCH, CLARK & ROTHSCHILD | JOHN RICHARDSON<br>DECONCINI MCDONALD ET AL. |
| 2017 | SOLCITO INVESTMENTS, LLC* | AMERICAN FAMILY INSURANCE | BREACH OF CONTRACT, BAD FAITH | DEPOSITION | N/A | ALISON CHASE<br>KELLER ROHRBACK, LLP | LYNN ALLEN<br>TYSON & MENDES |
| 2016 | ARIZONA HOMETOWN HAULING ET AL.* | DANIEL RALICH ET AL. | CORPORATE DISSOLUTION | TRIAL | JURY | GEORGE KRAUJA, FENNEMORE CRAIG<br>JOHN BAADE | BILL POORTEN<br>SNELL & WILMER |
| 2016 | PIMIENTOS SELECTOS S.A. DE C.V.* | POLY-AG CORP ET AL. | BREACH OF WARRANTY<br>DEFECTIVE PRODUCT | TRIAL | JURY | JASON SANTANA | DANIELLE LOSS<br>HORTON, OBERRECHT ET AL. |
| 2016 | BILL JOHNSON'S RESTAURANTS, INC.* | PLATTNER, SCHNEIDMAN ET AL. | BREACH OF FIDUCIARY DUTY<br>PROFESSIONAL MALPRACTICE | DEPOSITION | N/A | SESALY STAMPS (DECONCINI)<br>MARK LAMMERS (RUSING, LOPEZ) | CHARLES PRICE<br>DICKINSON WRIGHT |
| 2016 | HANNAH* | MADRID | BREACH OF FIDUCIARY DUTY, ELDER ABUSE | TRIAL | JUDGE | MEL COHEN<br><br>MESCH, CLARK & ROTHSCHILD, P.C. | TERRY JACKSON<br>LAW OFFICES OF TERRENCE JACKSON |

KLK.000017

| YEAR | PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | ISSUE | TESTIMONY RENDERED | TRIER OF FACT | CLIENT ATTORNEY / CLIENT ATTORNEY FIRM | OPPOSING COUNSEL / OPPOSING FIRM |
|---|---|---|---|---|---|---|---|
| 2016 | BEST AMERICAN DESTINATIONS, LLC | HWAL'BAY BA:J ENTERPRISES, INC.* | BREACH OF CONTRACT | ARBITRATION | ARBITRATOR | LONNIE WILLIAMS STINSON LEONARD STREET | DONALD PRUNTY GREENBERG TRAURIG |
| 2016 | BILLY & NORA MAYNARD* | JACK AND JERRY MAYNARD ET AL. | CORPORATE DISSOLUTION | ARBITRATION | ARBITRATOR | MICHAEL MCGRATH MESCH, CLARK & ROTHSCHILD, P.C. | KEVIN ESTEVEZ LANG & KLAIN, P.C. |
| 2016 | PIMIENTOS SELECTOS S.A. DE C.V.* | POLY-AG CORP ET AL. | BREACH OF WARRANTY DEFECTIVE PRODUCT | DEPOSITION | N/A | JASON SANTANA | DANIELLE LOSS HORTON, OBERRECHT ET AL. |
| 2016 | ARIZONA HOMETOWN HAULING ET AL.* | DANIEL RALICH ET AL. | CORPORATE DISSOLUTION | DEPOSITION | N/A | JOHN BAADE | BILL POORTEN SNELL & WILMER |
| 2015 | DAVID M. REAVES, TRUSTEE | JACK D. ROSE & VANESSA PALMA ROSE* | NON-DISCHARGEABILITY | TRIAL | JUDGE | FREEMAN HUBER LAW, PLLC | FORRESTER & WORTH, PLLC |
| 2015 | BEST AMERICAN DESTINATIONS, LLC | HWAL'BAY BA:J ENTERPRISES, INC.* | BREACH OF CONTRACT | ARBITRATION | ARBITRATOR | CARRIE FRANCIS STINSON LEONARD STREET | DONALD PRUNTY GREENBERG TRAURIG |
| 2015 | GIOVANNA MUSCARELLO ET AL.* | HILL D'AMORE, LTD. & JOHN D'AMORE | NEGLIGENCE, BREACH OF CONTRACT ETC. | DEPOSITION | N/A | AARON HUBER HUBER BARNEY, PLLC | ROB SHULL DICKINSON WRIGHT |
| 2015 | CALVARY CHAPEL OF PRESCOTT | BANK OF THE WEST* | CHAPTER 11 PLAN FEASIBILITY AND TILL | DEPOSITION | N/A | KELLY SINGER QUARLES & BRADY | HAROLD CAMPBELL CAMPBELL & COOMBS |

* Denotes retaining party