Katherine Worthman (DC Bar No. 488800)
Naomi Takagi (NY Bar No. 5217252)
Stephanie Cox (VA Bar No. 90647)
Francis Conlon (MD Bar, No Numbers Assigned)
Email: kworthman@ftc.gov; ntakagi@ftc.gov;
scox@ftc.gov; fconlon@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Drop CC-10232
Washington, DC 20580
Telephone: (202) 326-2929 (Worthman)
Facsimile: (202) 326-3768
Attorneys for Plaintiff
Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Tate's Auto Center of Winslow, Inc., et. al.<br><br>    Defendants, and<br><br>Linda Tate,<br><br>    Relief Defendant | Case No. 3:18-cv-08176-DJH<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO CORPORATE DEFENDANTS** |

    Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Preliminary and Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15

{00232658}

U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226; and the Consumer Leasing Act ("CLA"), 15 U.S.C. §§1667-1667f and its implementing Regulation M, 12 C.F.R. Part 213. The Commission and Corporate Defendants stipulate to the entry of this Stipulated Order For Permanent Injunction and Monetary Judgment ("Order") to fully resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Corporate Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, sale, lease, and financing of automobiles. The Complaint further alleges that Corporate Defendants failed to include required disclosures in its advertisements for closed-end credit, in violation of TILA, 15 U.S.C. 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 1026, and failed to include required disclosures in advertisements for consumers leases, in violation of CLA, 15 U.S.C. §§1667-1667f and its implementing Regulation M, 12 C.F.R. Part 213.

3. Corporate Defendants neither admit nor deny the allegations in the Complaint.

4. On March 8, 2019, Corporate Defendants filed separate petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in the United States Bankruptcy Court for the District of Arizona, Case Nos. 2:19-bk-02493-BMW, 2:19-bk-2523-PS, 2:19-bk-2524-PS, 2:19-bk-2527-DPC (collectively, the "Bankruptcy Cases"). The court ordered joint administration of the Bankruptcy Cases. On June 28, 2019, Bryan Perkinson was appointed Chapter 11 Trustee in the Bankruptcy Cases. On July 10, 2019, the Bankruptcy Cases were converted to jointly administered Chapter 7 proceedings, so that the Corporate Defendants' assets would be liquidated. Mr. Perkinson is the Chapter 7 Trustee in the Bankruptcy Cases.

5. The Commission's action, including the enforcement of a judgment other than a money judgment obtained in this action, is not stayed by 11 U.S.C. § 362(a)(1), (2), (3), or (6) because it is an exercise of the Commissions' police or regulatory power as governmental units according to 11 U.S.C. § 362(b)(4) and, thus, falls within an exception to the automatic stay.

6. Trustee waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Trustee waives any claim that Corporate Defendants may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees that the Corporate Defendants shall bear their own costs and attorney fees.

8. Trustee has obtained the Bankruptcy Court's approval to enter into this Order and take any and all action necessary and appropriate to implement and effectuate the terms and conditions of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Defendants"** means the Individual Defendant, Relief Defendant, and the Corporate Defendants, individually, collectively, or in any combination.

2. **"Corporate Defendants"** means Tate's Auto Center of Winslow, Inc.; Tate's Automotive, Inc.; Tate Ford-Lincoln-Mercury, Inc., d/b/a Tate's Auto Center; and Tate's Auto Center of Gallup, Inc., and their successors and assigns.

3. **"Individual Defendant"** means Richard Berry.

4. **"Relief Defendant"** means Linda Tate.

5. **"Trustee"** means Mr. Perkinson, as the Chapter 7 Trustee in the Bankruptcy Cases.

{00232658}                                    3

**ORDER**

**I.    PERMANENT CESSATION OF BUSINESS ACTIVITIES**

**IT IS ORDERED** that Corporate Defendants shall not engage in any business and Trustee, or any successor trustee appointed in the Bankruptcy Cases, shall not seek authority to operate the businesses of Corporate Defendants pursuant to section 721 of the Bankruptcy Code, 11 U.S.C. § 721, or otherwise. Trustee shall liquidate the Corporate Defendants' assets in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Court's orders, and wind down and dissolve the businesses under Arizona Revised Statute, § 10-1401, et seq.

Nothing in this Order shall be deemed to restrain or enjoin the Trustee from marketing and selling any assets, excluding consumer debts, lists, or contact information but including Corporate Defendants' vehicles, or otherwise administering the Corporate Defendants' bankruptcy estates in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Court's orders.

**II.    MONETARY JUDGMENT AND SUSPENSION**

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of seven million, two hundred three thousand, two hundred twenty-seven Dollars ($7,203,227) is entered in favor of the Commission against Corporate Defendants, jointly and severally, as equitable monetary relief.

B.    On account of this judgment, the Commission shall hold an allowed general unsecured claim against each of the Corporate Defendants in the total amount of $7,203,227 ("Claims").  The Trustee shall not contest the Commission's Claims and each Claim shall be deemed allowed in each of the Bankruptcy Cases against the Corporate Defendants, because each of the Corporate Defendants is jointly and severally liable for the full amount of the judgment

C.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief,

including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Corporate Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Corporate Defendants, and each of their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly:

A.   failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Corporate Defendants must provide it in the form prescribed by the Commission or provide the Commission with access to such information, within 14 days.

B.   disclosing, using, selling, or receiving any benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale, lease, or financing of automobiles. Nothing in this Order shall be deemed to restrain or enjoin the Trustee from administering the Corporate Defendants' bankruptcy estates in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Court's orders; and

C.    failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after the closing of the Bankruptcy Cases. Alternatively, if Trustee is in possession of any customer information, Trustee may abandon or dispose of any such customer list or identifying information by transferring such list or information, including all copies, to the Commission, or pursuant to the terms of an order entered by the Bankruptcy Court.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IV.    COOPERATION

IT IS FURTHER ORDERED that Corporate Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Corporate Defendants must provide truthful and complete information, evidence, and testimony. The Trustee must cause his employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 14 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate in Arizona, without the service of a subpoena.

## V.    ACCESS TO CORPORATE DOCUMENTS AND DATA

**IT IS FURTHER ORDERED** that the Trustee shall make available to the Commission, for inventory and copying, all correspondence, email, financial data including tax returns, and any other documents, computer equipment, and electronically stored information, in Trustee's possession, custody, or control, that contain information about Corporate Defendants' businesses and assets at the Commissions' expense. Commission shall return each item produced for inventory or copying to Trustee within 5 business days from the date and time of Trustee's delivery of each such item. The

Trustee need not make available or provide any privileged communications or attorney work product, and need only prepare a categorical privilege log or other record related to these documents at the request of a representative of the Commission.

**IT IS FURTHER ORDERED** that the Trustee, to the extent he has possession, custody, or control of computer equipment or electronically stored information described above, shall provide the Commission with any necessary means of access to the computer equipment or electronically stored information, including, but not limited to, computer access codes and passwords, except nothing herein shall obligate the Trustee to provide the Commission access codes, passwords, computer equipment or any other means of directly accessing the dealer management software or "DMS" owned by CDK Global, LLC ("CDK") and as licensed to the Trustee as set forth in DE 532 in the Bankruptcy Cases. The Trustee need not make available or provide access to any of his attorneys' computer equipment.

**IT IS FURTHER ORDERED** that the Trustee shall provide notice to the Commission of any proposed abandonment of any corporate books or records of Corporate Defendants, and upon the Commissions' designation and the Bankruptcy Court's approval, the Trustee shall transfer such books and records to the Commission.

### VI. OBLIGATIONS OF THE BANKRUPTCY TRUSTEE

**IT IS FURTHER ORDERED** that Trustee consents to the entry of this Order only in his fiduciary capacity as Chapter 7 Trustee for Corporate Defendants, and not individually. The Trustee's obligations under this Order include only the obligations set forth in this Order.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that nothing in this Order shall be construed to impose liability upon Trustee for actions consistent with the Bankruptcy Code and pursuant to any of the Bankruptcy Court orders; provided, however, that Trustee shall not take actions inconsistent with this Order or seek to collaterally attack the provisions of this Order in Bankruptcy Court. Nothing in this

Order shall be construed to require Trustee to violate the Bankruptcy Code, Bankruptcy Rules, or an order issued by the Bankruptcy Court.

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this \_\_\_ day of _____, 2020.**

                                                                            UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____    Date: _____
KATHERINE WORTHMAN
NAOMI TAKAGI
STEPHANIE COX
FRANCIS CONLON
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Drop CC-10232
Washington, DC 20580
Telephone:   (202) 326-2929 (Worthman)
             (202) 326-3668 (Takagi)
             (202) 326-2908 (Cox)
             (202) 326-2930 (Conlon)
Facsimile:   (202) 326-3768
Email: kworthman@ftc.gov; ntakagi@ftc.gov; scox@ftc.gov; fconlon@ftc.gov

COUNSEL FOR FEDERAL TRADE COMMISSION

**FOR CORPORATE DEFENDANTS:**

By: *[signature]*    Date: 6-30-20
Bryan Perkinson, solely in his capacity as
Chapter 7 Trustee of the bankruptcy estate
of Tate's Auto Center Of Winslow, Inc.,
Tate's Automotive, Inc.,
Tate Ford-Lincoln-Mercury, Inc., and
Tate's Auto Center Of Gallup, Inc.

**COUNSEL FOR CORPORATE DEFENDANTS:**

By: *[signature] for*    Date: 06·30·20
Craig A. McCarthy
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
mccarthy@gustlaw.com

{00232658}                                9