**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-18-08176-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Tate's Auto Center of Winslow Incorporation, et al., | |
| Defendants. | |

Pending before the Court are three Motions to Seal, all of which pertain to the Motion for Summary Judgment filed by Plaintiff Federal Trade Commission (the "FTC"). The FTC moves to seal its Motion for Summary Judgment (Doc. 123); Defendants move to seal their Response (Doc. 142); and the FTC moves to seal its Reply (Doc. 145) (collectively, the "Motions"). No party has filed a response, either in support or opposition, to these Motions.

The Motions come pursuant to the Court's Protective Order, which states that material the parties label confidential "shall only be filed with a motion to seal the material pursuant to LRCiv 5.6." (Doc. 27 at 4). Local Rule 5.6 states that "[a]ny motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal and must append (as a separate attachment) a proposed order granting the motion." LRCiv 5.6(b).

The Ninth Circuit strongly presumes that court documents should be publicly available, unless there is a compelling reason to seal them. *Kamakana v. City & Cty. of*

*Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, the parties provide few, if any, reasons why their briefing should be sealed, none of which are compelling. To begin, the FTC represents that it "has no personal knowledge of the competitive disadvantage or other harm that might result from public disclosure of the foregoing documents." (Doc. 123 at 3). Next, Defendants would like to seal documents containing "nonparty and financial information that have been designated 'Confidential'" as well as a "Customer Educational video file." (Doc. 142 at 2). But there is no additional or document-specific explanation as to why that information should be sealed. While a party may wish to keep a document confidential, that wish alone does not constitute a compelling reason to seal it from the public's view.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Motions to Seal (Docs. 123; 142; 145) are **denied,** without prejudice.

**IT IS FURTHER ORDERED** that the parties shall file unredacted versions of the documents filed or lodged at Docs. 132, 143, & 146, within fourteen (14) days of this Order.

Dated this 11th day of January, 2021.

Honorable Diane J. Humetewa
United States District Judge