**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Tate's Auto Center of Winslow Incorporation, et al.,<br><br>Defendants. | No. CV-18-08176-PCT-DJH<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO INDIVIDUAL DEFENDANT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Preliminary and Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226; and the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667-1667f and its implementing Regulation M, 12 C.F.R. Part 213. The Commission and Defendant Richard Berry ("Individual Defendant") stipulate to the entry of this Order for Permanent Injunction and Monetary Relief ("Order") to resolve all matters in dispute in this action between them without requiring the Commission to file an administrative complaint pursuant to 16 C.F.R. Part 3 and then seek monetary relief in federal court pursuant to Section 19(a)(2) of the FTC Act.

**THEREFORE, IT IS ORDERED** as follows:

/ / /

/ / /

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in acts and practices in violation of TILA, 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226, and the CLA, 15 U.S.C. §§ 1667-1667f, and its implementing Regulation M, 12 C.F.R. Part 213, in the advertising, sales, and financing of new and used motor vehicles.

3. Individual Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Individual Defendant admits the facts necessary to establish jurisdiction.

4. On September 23, 2020, Individual Defendant Richard K. Berry, and his wife, Amy E. Berry, filed a joint petition for relief under Chapter 7 of the U.S. Bankruptcy Code. In re Richard K. & Amy E. Berry, No. 2:20-bk-10757-DPC (Bankr. D. Az.) ("Berry Bankruptcy Case").

5. The Commission's action, including the enforcement of a judgment other than a money judgment obtained in this action, is not stayed by 11 U.S.C. § 362(a)(1), (2), (3), or (6) because it is an exercise of the Commissions' police or regulatory power as governmental units according to 11 U.S.C. § 362(b)(4) and, thus, falls within an exception to the automatic stay otherwise in effect in the Berry Bankruptcy Case.

6. Individual Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear his own costs and attorney fees.

7. Individual Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

8. Federated Mutual Insurance Company has deposited FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000) by electronic funds transfer to the Commission, in accordance with the instructions provided by a representative of the

Commission. Individual Defendant further concedes that he never held a right to payment of the funds transferred by Federated Mutual Insurance Company to the Commission.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. **"Advertisement"** means a commercial message in any medium that directly or indirectly promotes a consumer transaction.

B. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.
2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.
3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.
4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.
5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.
6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face

communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as non-English speakers, or the elderly, "ordinary consumers" includes reasonable members of that group.

C. **"Consumer credit"** means credit offered or extended to a consumer primarily for personal, family, or household purposes, as set forth in Section 226.2(a)(12) of Regulation Z, 12 C.F.R. § 226.2(a)(12), as amended.

D. **"Consumer lease"** means a contract in the form of a bailment or lease for the use of personal property by a natural person primarily for personal, family, or household purposes, for a period exceeding four months and for a total contractual obligation not exceeding the applicable threshold amount, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease, as set forth in Section 213.2 of Regulation M, 12 C.F.R. § 213.2, as amended.

E. **"Corporate Defendants"** means Tate's Auto Center of Winslow, Inc., Tates Automotive, Inc., Tate Ford-Lincoln-Mercury, Inc., and Tate's Auto Center of Gallup, Inc., individually, collectively, or in any combination.

F. **"Defendants"** means all of the Corporate and Individual Defendants, individually, collectively, or in any combination.

G. **"Individual Defendant"** shall mean Richard Berry.

H. **"Lease inception"** shall mean prior to or at consummation of the lease or by delivery, if delivery occurs after consummation.

I. **"Motor Vehicle"** shall mean as follows:

1. Any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road;

2. Recreational boats and marine equipment;

3. Motorcycles;

4. Motor homes, recreational vehicle trailers, and slide-in campers; and

5. Other vehicles that are titled and sold through dealers.

## ORDER

## I. PROHIBITED MISREPRESENTATIONS RELATING TO THE SALE, FINANCING, OR LEASING OF MOTOR VEHICLES

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, offering for sale or lease, sale or lease, or servicing of Motor Vehicles, are permanently restrained and enjoined from:

A. Making any misrepresentation, expressly or by implication:

1. Regarding any application, deal paper, or other document associated with consumers' purchase, financing, or leasing of a Motor Vehicle, or any item on such document, including but not limited to any item relating to a consumer's creditworthiness, income, down payment, or trade-in, or the Motor Vehicle being purchased, financed, or leased;

2. Regarding the cost of:

a. Purchasing a Motor Vehicle with financing, including but not limited to: the amount or percentage of the down payment, the number of payments or period of repayment, the amount of any payment, and the repayment obligations over the full term of the loan, including any balloon payment; or

b. Leasing a Motor Vehicle, including but not limited to: the total amount due at lease inception, the down payment, amount down, acquisition fee, capitalized cost reduction, any other amount required to be paid at lease inception, and the amounts of all monthly or other periodic payments.

3. Regarding the existence or amount of any discount, rebate, bonus, incentive, or price;

4. Regarding the existence, price, value, coverage, or features of any product or service associated with the Motor Vehicle purchase or lease;

5. Regarding any other material fact about the price, sale, financing, or leasing of any Motor Vehicle, including whether the offer is for the purchase, sale, financing or leasing of any Motor Vehicle.

B. Stating the amount of any payment or that any or no initial payment is required at lease inception, without disclosing clearly and conspicuously that the transaction advertised is a lease.

C. Representing that a discount, rebate, bonus, incentive or price is available unless the representation clearly and conspicuously discloses all material qualifications or restrictions, if any, including but not limited to qualifications or restrictions on: (i) a consumer's ability to obtain the discount, rebate, bonus, incentive, or price; and (ii) the Motor Vehicles available at the discount, rebate, bonus, incentive, or price.

## II. PROHIBITION AGAINST FALSIFYING LOAN INFORMATION

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or leasing of Motor Vehicles or the extension of consumer credit, are permanently restrained and enjoined from:

A. Altering or failing to truthfully record the information provided by consumers on applications, deal papers, or any other documents associated with consumers' purchase, financing, or leasing of a Motor Vehicle.

B. Failing to provide consumers with:

1. all applications, deal papers, and other documents associated with consumers' purchase, financing, or leasing of a Motor Vehicle, and a reasonable opportunity and sufficient time to review and verify them prior to Individual Defendant submitting the application and prior to consummation of the transaction; and

2. a copy of all final signed documents before consumers take possession of the vehicle.

C. Failing to conduct reasonable ongoing procedures to ensure that information provided by consumers on applications, deal papers, or any other documents associated with consumers' purchase, financing, or leasing of a Motor Vehicle is not altered, including by providing periodic training to all of Individual Defendant's employees and agents with any responsibility for vehicle sales, financing, or leasing, and conducting periodic audits.

D. Submitting documentation regarding consumers' purchase, financing or leasing of a Motor Vehicle if Individual Defendant knows or has reason to believe that any information on such documentation is false or misleading.

## III. TRUTH IN LENDING ACT

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any extension of consumer credit, are permanently restrained and enjoined from:

A. Stating, expressly or by implication:

1. The amount or percentage of any down payment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing Clearly and Conspicuously all of the following terms:

a. The amount or percentage of the down payment;

b. The terms of repayment; and

c. The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be increased after consummation of the credit transaction, that fact must also be disclosed; or

2. A rate of finance charge without stating the rate as an "annual percentage rate" or the abbreviation "APR," using that term; or

B. Failing to comply in any respect with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601-1667.

## IV. CONSUMER LEASING ACT

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any consumer lease, are permanently restrained and enjoined from:

A. Stating, expressly or by implication, the amount of any payment or that any or no initial payment is required at lease inception without disclosing clearly and conspicuously the following terms:

1. That the transaction advertised is a lease;
2. The total amount due at lease signing or delivery;
3. Whether or not a security deposit is required;
4. The number, amounts, and timing of scheduled payments; and
5. That an extra charge may be imposed at the end of the lease term in a lease in which the liability of the consumer at the end of the lease term is based on the anticipated residual value of the Motor Vehicle; or

B. Failing to comply in any respect with Regulation M, 12 C.F.R. Part 213, as amended, and the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667f, as amended.

## V. MONETARY RELIEF

**IT IS FURTHER ORDERED**:

A. Upon entry of the Order, Federated Mutual Insurance Company relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred to the Commission and may not seek the return of any assets. Individual Defendant may not seek the return of any assets transferred by Federated Mutual Insurance Company to the Commission.

B. All money paid to the Commission pursuant to this Order may be deposited into a

fund administered by the Commission or its designee to be used for consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such relief is to be deposited to the U.S. Treasury. Individual Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Individual Defendant, Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from, directly or indirectly, failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Individual Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Individual Defendant obtain acknowledgments of receipt of this Order:

A. Individual Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, the Individual Defendant for any business that such Defendant is the majority owner, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the

Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Individual Defendant delivered a copy of this Order, Individual Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**VIII. COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Individual Defendant makes timely submissions to the Commission:

A. One year after entry of this Order, Individual Defendant must submit a compliance report, sworn under penalty of perjury:

1. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. Identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest;

3. Describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Individual Defendant;

5. Identify all of that Individual Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement);

7. Describe in detail whether and how Individual Defendant is in compliance with each Section of this Order; and

8. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Individual Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Any designated point of contact;

2. The structure of any entity Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

3. Name, including aliases or fictitious name, or residence address; or

4. Title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all

submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Tate's Auto Center of Winslow, et al., Case Number X180041.

**IX. RECORDKEEPING**

**IT IS FURTHER ORDERED** that Individual Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Individual Defendant for any business that such Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

**X. COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that for the purpose of monitoring Individual Defendant's compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Individual Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures

prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Individual Defendant. Individual Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Individual Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS FINALLY ORDERED** the Clerk of Court shall close this matter.

Dated this 30th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge